Jonathan Zavin (JZ-1846)
Christina S. Monteiro (CM-8395)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CONNER**

-------------------------------------------------- x

WARNER BROS. ENTERTAINMENT INC., a
Delaware corporation,

                Plaintiff,

          -against-

SANDRA RIVERA, an individual,

              Defendant.

-------------------------------------------------- x

Civil Action No.:

**08 CV 009**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, by its attorneys, for its complaint against Sandra Rivera ("Defendant"), alleges:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.      This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant resides in this District and the acts of infringement complained of herein originated in this District.

## PARTIES

4.    Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff") is one of the world's leading creators and distributors of motion pictures.  Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion pictures.  Defendant's infringements allow Defendant and others to unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute.  Each time Defendant unlawfully distributes a free copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality.  Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5.    Plaintiff Warner Bros. Entertainment Inc. is a Delaware corporation, with its principal place of business at 4000 Warner Boulevard, Burbank, California.  Warner Bros. Entertainment Inc. ("Warner") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Warner is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendant.

6.    Upon information and belief, Defendant, an individual, resides in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

7.    Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8.    At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including, but not limited to, *North Country* (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. A true and correct copy of this Certificate of Copyright Registration is attached hereto as Exhibit A.

9.    The Copyrighted Motion Picture contains a copyright notice advising the viewer that it is protected by the copyright laws.

10.    Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, Bit Torrent (-B), an online media distribution system to distribute to the public, including by making available for distribution to others, on or about December 19, 2005 the Copyrighted Motion Picture. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11.    The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12.    As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

3

13.     Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's exclusive rights under the Copyright Act of 1976 and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of those rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For entry of preliminary and permanent injunctions providing Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of Plaintiff's Motion Pictures, to distribute any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.    For actual damages or statutory damages pursuant to 17

U.S.C. § 504, at the election of Plaintiff.

3.    For Plaintiff's costs.

4.    For Plaintiff's reasonable attorneys' fees.

5.    For such other and further relief as the Court deems proper.


Dated: New York, New York                        Attorneys for Plaintiff
      January 2, 2008

By: _____
     Jonathan Zavin (JZ-1846)
     Christina S. Monteiro (CM-8395)
     LOEB & LOEB LLP
     345 Park Avenue
     New York, NY  10154-0037
     Telephone:  (212) 407-4000
     Facsimile:  (212) 407-4990

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**PA 1-296-210**

PA PAU
EFFECTIVE DATE OF REGISTRATION

**2-1-06**
Month Day Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼
NORTH COUNTRY

PREVIOUS OR ALTERNATIVE TITLES ▼
CLASS ACTION aka UNTITLED NIKI CARO PROJECT aka UNTITLED MINING PROJECT

NATURE OF THIS WORK ▼ See Instructions
MOTION PICTURE

**2**

**a** NAME OF AUTHOR ▼
Schematic Productions GmbH & Co. KG

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
on { Citizen of ▶ _____
Domiciled in ▶ Germany

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed ▼
ENTIRE WORK

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
on { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
on { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed ▼

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
2005 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ October Day ▶ 21 Year ▶ 2005
USA & Canada ◀ Nation

**4**
See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Schematic Productions GmbH & Co. KG
Bavariafilmplatz 7, D-82031
Grunwald/Geiselgasteig, Germany

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
FEB 01 2006
ONE DEPOSIT RECEIVED
FEB 01 2006
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

| EXAMINED BY | CC | FORM PA |
|---|---|---|
| CHECKED BY | | |

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**5** PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box)
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

---

**6** DERIVATIVE WORK OR COMPILATION Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates▼

Inspired by the book entitled "CLASS ACTION: THE STORY OF LOIS JENSON AND THE LANDMARK CASE THAT
CHANGED SEXUAL HARASSMENT LAW" by Clara Bingham and Laura Leedy Gansler.     (Continued...)

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.▼

Motion picture, including audio, visual and other cinematographic material.

See instructions
before completing
this space.

---

**7** DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of
Name ▼                                                     Account Number ▼

Warner Bros. Entertainment Inc.                             DA018544

CORRESPONDENCE Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
Same as space 9.

Be sure to
give your
daytime phone
number.

Fax Number:  (818) 954-3855
Area Code & Telephone Number ▶  (818) 954-3036

---

**8** CERTIFICATION* I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☑ owner of exclusive rights
☐ authorized agent of  Warner Bros. Entertainment Inc.
                        Name of author or other copyright claimant, or owner of exclusive rights(s) ▲

of the work identified in this application and that the statements
made by me in this application are correct to the best of my
knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
CINDY O'NEIL                                                date ▶  01/31/2008

Handwritten signature (X) ▼
Cindy O'Neil

---

**9** MAIL CERTIFICATE TO

Name ▼
Cindy O'Neil
Warner Bros. Entertainment Inc.

Number/Street/Apartment Number ▼
4000 Warner Blvd., Bldg. 168 South, Suite 5330

City/State/ZIP ▼
Burbank, California 91522-1668

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in

# CONTINUATION SHEET
# FOR APPLICATION FORMS

**FORM PA /CON**

UNITED STATES COPYRIGHT OFFICE

- This Continuation Sheet is used in conjunction with Basic Forms PA, SE, SR, TX, and VA only.
  Indicate which basic form you are continuing in the space in the upper right-hand corner.

- If at all possible, try to fit the information called for into the spaces provided on the basic form.

- If you do not have space enough for all the information you need to give on the basic form, use this continuation sheet and submit it with the basic form.

- If you submit this continuation sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.

- Part A of this sheet is intended to identify the basic application.
  Part B is a continuation of Space 2.
  Part C (on reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6. The other spaces on the basic form call for specific items of information and should not need continuation.

RE: PA 1-299-210

PA PAU SE SEG SEU SR SRU TX TXU VA VAU

EFFECTIVE DATE OF REGISTRATION

**2 - 1 - 06**
(Month) (Day) (Year)

CONTINUATION SHEET RECEIVED

FEB 01 2006

Page **3** of **4** pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

## A
**Identification of Application**

IDENTIFICATION OF CONTINUATION SHEET: This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:

TITLE: (Give the title as given under the heading "Title of this Work" in Space 1 of the basic form.)

NORTH COUNTRY

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S): (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form.)

Schamelo Productions GmbH & Co. KG
Bavariafilmplatz 7, D-82031
Grunwald/Geiselgasteig, Germany

## B
**Continuation of Space 2**

**d**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼ |
|---|---|

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed.▼

**e**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼ |
|---|---|

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed.▼

**f**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼ |
|---|---|

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed.▼

Use the reverse side of this sheet if you need more space for continuation of Spaces 1, 4, or 6 of the basic form.

CONTINUATION OF (check which):   ☐ Space 1   ☐ Space 4   ☒ Space 6

**C**

Continuation
of other
Spaces

**Space 6 (Preexisting Material) Continued:**

Screenplay entitled "UNTITLED MIKE CARO PROJECT" by Michael Solomon.  Certain film clips and sound recordings.  Barbie Doll used by permission of Mattel, Inc.